

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-37,658-03

### EX PARTE JAMES LEE HENDERSON, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 181CR1293 IN THE 102ND JUDICIAL DISTRICT COURT
### RED RIVER COUNTY

*Per curiam.*

### O P I N I O N

This is a subsequent application for a writ of habeas corpus in a capital case that

Applicant filed pursuant to Article 11.071, Section 5 of the Texas Code of Criminal

Procedure. Applicant alleged in this application that he is intellectually disabled and

ineligible for the death penalty under the United States Supreme Court's holding in *Atkins*

*v. Virginia,* 536 U.S. 304 (2002). We denied this application in 2006. *Ex parte*

*Henderson,* No. WR-37,658-03 (Tex. Crim. App. January 25, 2006)(not designated for

publication).

In 2017, the United States Supreme Court concluded that some of the standards in our caselaw did not comport with the Eighth Amendment's requirements regarding an intellectual disability determination. *Moore v. Texas,* 137 S.Ct. 1039 (2017). On October 3, 2018, we exercised our authority to reconsider this case on our own initiative. We remanded this case to the convicting court "to consider all of the evidence in light of the *Moore v. Texas* opinion and make a new recommendation to this Court on the issue of intellectual disability."

The parties subsequently filed in the convicting court a "Joint Motion for Entry of Agreed Findings of Fact and Conclusions of Law." The convicting court signed the agreed findings and conclusions and recommended that we grant relief on Applicant's claim of intellectual disability. Having reviewed the record in this case, we determine that the convicting court's findings and conclusions are supported by the record. Relief is granted on Applicant's intellectual disability claim. Accordingly, we reform Applicant's sentence of death to a sentence of life imprisonment.[1]

Delivered: April 15, 2020
Do not publish

---

[1] At the time of Applicant's offense, in 1993, the only available alternative punishment for capital murder was life with the possibility of parole. Life without parole was enacted in 2005. Acts 2005, 79th Leg., ch. 787, §§ 1, 17, pp. 2705, 2709, eff. Sept. 1, 2005.